**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**JOHN H. WHITE,**

                **Plaintiff,**             **9:12-cv-1892
                                                        (GLS/ATB)**

              **v.**

**P. WILLIAMS et al.,**

                **Defendants.**

_____

## ORDER

The above-captioned matter comes to this court following an Order and Report-Recommendation (R&R) by Magistrate Judge Andrew T. Baxter, duly filed on January 11, 2016. (Dkt. No. 362.) Following fourteen days from the service thereof, the Clerk has sent the file, including any and all objections filed by the parties herein.

While plaintiff *pro se* John H. White filed objections to the R&R, consisting of forty-three pages,[1] (Dkt. No. 375), they invoke review only for clear error.[2] *See Almonte v. N.Y.S. Div. of Parole*, No. Civ. 904CV484,

---

[1] The court notes that objections are limited by Local Rule to no more than twenty-five pages without prior leave of the court. *See* N.D.N.Y. L.R. 72.1(c). Because Johnson was not granted leave to file objections that exceeded the twenty-five-page limit, the court would be justified in either rejecting the filing altogether or considering only the first twenty-five pages. Out of an abundance of caution, the court has considered the entire document.

[2] The only arguments that the court perceives as coming close to raising a specific objection pertain to White's interpretation of *Rucco v. Howard*, No. 91 Civ. 6762, 1993 WL

2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006) (explaining that resubmitting the same arguments previously made "fails to comply with the specificity requirement"); *Smith v. Hulihan*, No. 11 CV 2948, 2012 WL 4928904, at *1 (S.D.N.Y. Oct. 17, 2012) ("[N]ew arguments and factual assertions cannot properly be raised for the first time in objections to the R & R, and indeed may not be deemed objections at all."). Having carefully reviewed the R&R for clear error, it is adopted in its entirety.

Accordingly, it is hereby

**ORDERED** that the Order and Report-Recommendation (Dkt. No. 362) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 307) is **GRANTED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** the clerk of the court serve a copy of this Order upon the parties in accordance with this court's Local Rules.

---

299296 (S.D.N.Y. Aug. 4, 1993), and *Johnson v, Killian*, 680 F.3d 234 (2d Cir. 2012), and his claim that Judge Baxter's reliance on them is "misplaced" or otherwise erroneous. (Dkt. No. 375 at 21-26, 34-36.) What White fails to appreciate, however, is that Judge Baxter did not rely on *Rucco* at all. In a generic recitation of the law as it pertains to a failure to protect claim under the Eighth Amendment, Judge Baxter cited a case, which, in turn, cited *Rucco*. (Dkt. No. 362 at 19.) With respect to *Killian*, if the court conducted *de novo* review it would agree entirely with Judge Baxter's analysis. White's several-page-long discussion about *Rucco* and *Killian*, (Dkt. No. 375 at 21-26), is therefore rejected.

2

**IT IS SO ORDERED.**

March 29, 2016
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge